**In the United States Court Of Appeals**
**for the Fifth Circuit**

U.S. COURT OF APPEALS
RECEIVED
Nov 17, 2026
FIFTH CIRCUIT

26-10025

Brian P. Carr,
Rujipas Lawichai,
Rueangrong Carr,
Tanapon Lawichai, and
Buakhao Von Kramer,

Plaintiffs - Appellants

versus

United States of America; United States Department of Justice; United States Postal Service; United States Postal Service; Office of the Inspector General; United States Postal Service Board of Governors; United States Department of State; United States Department of State Office of the Inspector General; Council of the Inspectors General on Integrity and Efficiency; United States Citizenship & Immigration Services; United States Department of Homeland Security Office of the Inspector General; Social Security Administration; Tami C. Parker; George M. Padis; Internal Revenue Service; and Treasury Inspector General for Tax Administration

Defendants - Appellees

On Appeal from the United States District Court
for the Northern District of Texas, Civil No. 3-23-cv-02875-S

Appellants' Joint Reply Brief
(Filed Under Protest)

Brian P. Carr
1201 Brady Dr
Irving, TX 75061
Pro Se Appellant

# Table of Contents

Table of Contents........2
Table of Contents: Basic Abbreviations Used........3
Table of Contents: Hyperlink Usage........4
Understanding Hyperlinks Provided With Case / ROA Citations........4
Table of Authorities........6
1. Table of Cases........6
2. Table of Statutes and Regulations........7
3. Table of Rules........8
I. Preliminary Statement and Reservation of Right to Supplement........9
II. Summary of Reply Arguments........10
III. Argument and Authorities........12
1. TXND and USATXN Misconstrue Harcon Bright-Line........12
Bright-Line Preserves Litigants' Substantive Rights, Does Not Infringe........12
Misleading Claims and Decisions Justify Incorrect Conclusion........12
A. USATXN Ignores Plain Text, Falsely Re-categorizes Motions........12
B. USATXN Uses False Re-categorization To Apply Wrong Standards........12
C. USATXN Cites Courts Incorrect Miscategorization of Motion Types........13
D. FRCP 60(b) Grounds Justified Independent of FRCP 72 Objections........14
E. TXND Attempts To Create Ambiguity, Record Is Unambiguous........15
TXND Fails to Recognize Obvious Rule 60 Motions........15
F. The Specific Grounds of Rule 60(b) Consistent Whenever Filed........16
Litigants Rights Remain When Filing a Rule 60 Motion Within 28 Days........16
G. Demahy Provides A Sorting Rule, Does Not Strip Litigants of Rights........17
H. TXND and USATXN Misconstrue Harcon Bright-Line........17
Bright-Line Preserves Litigants' Substantive Rights, Does Not Infringe........17
I. TXND, USATXN Misstatements Can Not Strip Our Substantive Rights........18
2. FRCP 60(b) Grounds Thoroughly Justified........19
TXND Claim of Failure to Timely Object is Unfounded........19
Douglass Requires Notice But Notice Was Inadequate........19
Notice Intentionally Hidden From Litigants Are Inadequate........19
A. USCA5 Only Requires Timely Objections With Notice........19
B. Motion ECF76pg7 Demonstrates The Efforts of TXND to Hide Notice........19
C. TXND Succeeded In Hiding Notice From Plaintiffs........20
3. Motion ECF76 Suggests USCA5 Insure Notice, Avoid Confusion........20
USCA5 Should Revise FRCP 72 Notice Requirements........21
4. Issues Raised on Appeal Are Issues Raised Before Court........21
TXND Analysis of Rule 60 Motions Indicates Consideration,........21

5. Rebuttal of USPS Sovereign Immunity........22
Defenses Under 39 USCS 401 and Dolan........22
A. Broad Waiver of Sovereign Immunity Under Sue & Be Sued Clause........22
B. Falsification of Tracking Records & Unfulfilled Refund Accounting........23
6. Rebuttal of USCIS LPR Documentation Defenses and........24
DoS Consular Non-Reviewability........24
A. Non-Discretionary Statutory Obligations of USCIS to Issue LPR Documentation........24
D. DoS Consular Denials Violated Mandatory Procedural Due Process........25
7. Rebuttal of 2nd Amended Complaint Denial and Abuse of Discretion........26
A. Controlling Statutory Mandate Under FRCP 15(a)(2)........26
B. Severe Judicial Delays Altered Material Circumstances........27
New Claims Naturally Arose Over Time........27
C. Refusal to Grant Leave Defeats the Interests of Justice........28
8. USATXN "Futility", "Best Case" Defenses in 5CC111 Invite Rebuttal........28
Preserved FOIA, IRS Claims Valid, Refuting Summary Dismissal........28
IV. Conclusion and Prayer for Relief........31
Verification of Reply Brief........33
Other Signatories........34
Certificate of Counsel / Pro Se Party........34
1. FRAP 32(g)(1) Length Certificate of Compliance........34
2. FRAP 32(a)(5) Typeface Compliance........35
3. Certification Of Electronic Signatures........35
4. FRAP 25(b) Service........35


## Table of Contents: Basic Abbreviations Used

The following abbreviations are utilized throughout this document to ensure concise, clear arguments and explanations:

**Abbreviation: Full Name or Phrase**

5CCLR: Rules and Internal Operating Procedures of the Fifth Circuit

AUSA: Assistant United States Attorney

CFRS: Code of Federal Regulations Section

CM/ECF or ECF: Case Management/Electronic Case Files system

DoJ: Department of Justice

FCR: Findings, Conclusions, and Recommendations

FRAP: Federal Rules of Appellate Procedure

**Abbreviation: Full Name or Phrase**

FRCP: Federal Rules of Civil Procedure

IG: Inspector General

LR: TXND Local Rule

LPR: Lawful Permanent Resident

MTD: Motion to Dismiss

MSJ: Motion for Summary Judgment

MTR: Motion to Reconsider

NOA: Notice of Appeal

OIG: Office of the Inspector General

PACER: Public Access to Court Electronic Records

PII: Personal Identifying Information

ROA: Electronic Record on Appeal

TIGTA: Treasury Inspector General for Tax Administration

TXND: United States District Court for the Northern District of Texas

USATXN: U.S. Attorney's Office for the Northern District of Texas

USCA5 or 5CC: United States Court of Appeals for the Fifth Circuit

USC: United States Code

USCS: United States Code Section (e.g., 18 USCS 1001)

USCIS: United States Citizenship and Immigration Services

USPS: United States Postal Service

**Table of Contents: Hyperlink Usage**

**Understanding Hyperlinks Provided With Case / ROA Citations**

To enhance readability and provide easy access to the cited material, our citations embed hyperlinks using the following conventions:

ECFdktN Links to a copy of TXND ECF document for case 3:23-

| | |
|---|---|
| | cv-02875-S where dktN represents the document number.<br>Example: ECF10-5 links to a copy of TXND ECF case 3:23-cv-02875-S document 10-5. |
| 5CCdktN | Links to a copy of USCA5 ECF Case No. 26-10025 where dktN represents the document number.<br>Example: 5CC35-5 links to a copy of USCA5 ECF document 35-5, an exhibit attached to motion 5CC35-1. |
| ROAdktNpgNNN | A dual-link citation for documents from the Record on Appeal for Case No. 26-10025. The first portion (ROAdktN) links to the document from the TXND ECF, while the end page number (NNN) links to the document which starts at the specific page number from the USCA5 ROA file.<br>Example: In ROA10-5pg177, ROA10-5 has a link to ECF10-5, the document 10-5 from the TXND ECF. 177 has a different link to the same document extracted from page 177 of the ROA (but none of the preceding or following documents). |

Privacy Exceptions: To comply with federal privacy mandates, no hyperlinks are provided for properly sealed documents. Sealed records are referenced using the text format above, but there is no link which prevents public access to the sealed document.

# Table of Authorities

## 1. Table of Cases


| Case Citation | Page Reference(s) |
|---|---|
| *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017) | 8 |
| *Boren v. N.L. Industries, Inc.*, 889 F.2d 1463 (5th Cir. 1989) | 7, 8 |
| *Department of State v. Munoz*, 602 U.S. 899 (2024) | 12 |
| *Dolan v. United States Postal Service*, 546 U.S. 481 (2006) | 9, 10 |
| *Faretta v. California*, 422 U.S. 806 (1975) | 18 |
| *Foman v. Davis,* 371 U.S. 178 (1962) | 14, 15 |
| *Frank v. Xerox Corporation*, 347 F.3d 130 (5th Cir. 2003) | 16 |
| *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998) | 18 |
| *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022) | 18 |
| *Kiareldeen v. Reno*, 71 F.Supp.2d 402 (D.N.J. 2000) | 18 |
| *Kleindienst v. Mandel*, 408 U.S. 753 (1972) | 12 |
| *Le v. Exeter Financial Corp.*, 990 F.3d 410 (5th Cir. 2021) | 18 |
| *Liteky v. United States*, 510 U.S. 540 (1994) | 17 |
| *Monroe v. Smith*, 2011 WL 2670094 (S.D. Tex. 2011) | 8 |
| *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) | 8, 9 |
| *Thomas v. Arn*, 474 U.S. 140 (1985) | 8 |
| *United States v. Central Gulf Lines, Inc.*, 974 F.2d 621 (5th Cir. 1992) | 8 |

## 2. Table of Statutes and Regulations


| Code / Statutory Provision | Page Reference(s) |
|---|---|
| **5 U.S.C. § 404** (Inspector General Act) | 18 |
| **5 U.S.C. §§ 551–559** (Administrative Procedure Act) | 18 |
| **5 U.S.C. § 552** (Freedom of Information Act) | 15, 16 |
| **5 U.S.C. § 552(a)(4)(B)** | 16, 18 |
| **5 U.S.C. § 702** (Administrative Procedure Act) | 11, 18 |
| **8 U.S.C. § 1103** | 18 |
| **8 U.S.C. § 1184(b)** | 12 |
| **8 U.S.C. § 1186a** (Immigration and Nationality Act § 216) | 10, 11 |
| **8 U.S.C. § 1201** | 11 |
| **8 U.S.C. § 1202(f)** | 18 |
| **8 U.S.C. § 1304(d)** (Immigration and Nationality Act § 264(d)) | 11, 18 |
| **8 U.S.C. § 1362** | 18 |
| **8 U.S.C. § 1447** | 11, 18 |
| **8 U.S.C. § 1448** | 18 |
| **18 U.S.C. § 1001** | 18 |
| **26 U.S.C. § 6330** | 16 |
| **26 U.S.C. § 6331** | 16 |
| **26 U.S.C. § 6654** | 16 |
| **28 U.S.C. § 455** (Judicial Disqualification / Recusal) | 17, 18 |
| **28 U.S.C. § 636(b)(1)** | 8 |
| **28 U.S.C. § 1254** | 2 |
| **28 U.S.C. § 1291** | 2 |
| **28 U.S.C. § 1331** | 2 |
| **28 U.S.C. § 1361** (Mandamus Action) | 11 |
| **28 U.S.C. § 2072** | 18 |
| **28 U.S.C. § 2106** (Supervisory Authority) | 18 |
| **39 U.S.C. § 401(1)** (Postal Reorganization Act) | 9, 10 |
| **8 C.F.R. § 216.4(c)** | 11 |
| **8 C.F.R. § 337.2** | 18 |
| **8 C.F.R. Part 1292.1** | 18 |
| **39 C.F.R. § 111.1** | 10 |

## 3. Table of Rules


| Rule Citation | Page Reference(s) |
|---|---|
| **Federal Rules of Appellate Procedure Rule 25(b)** | 19 |
| **Federal Rules of Appellate Procedure Rule 28(c)** | 1, 2 |
| **Federal Rules of Appellate Procedure Rule 32(a)(5)** | 19 |
| **Federal Rules of Appellate Procedure Rule 32(a)(6)** | 19 |
| **Federal Rules of Appellate Procedure Rule 32(a)(7)(B)(ii)** | 1, 19 |
| **Federal Rules of Appellate Procedure Rule 32(f)** | 19 |
| **Federal Rules of Appellate Procedure Rule 32(g)(1)** | 19 |
| **Federal Rules of Appellate Procedure Rule 35** | 2, 4 |
| **Federal Rules of Appellate Procedure Rule 40(b)** | 2, 4 |
| **Federal Rules of Civil Procedure Rule 5.2** | 18 |
| **Federal Rules of Civil Procedure Rule 11(a)** | 13 |
| **Federal Rules of Civil Procedure Rule 15(a)(2)** | 14, 15, 16 |
| **Federal Rules of Civil Procedure Rule 59(e)** | 6, 7 |
| **Federal Rules of Civil Procedure Rule 60(b)** | 6, 7, 12, 13 |
| **Federal Rules of Civil Procedure Rule 60(b)(1)** | 6, 13 |
| **Federal Rules of Civil Procedure Rule 60(b)(3)** | 13 |
| **Federal Rules of Civil Procedure Rule 60(b)(6)** | 13 |
| **Federal Rules of Civil Procedure Rule 60(c)** | 6, 14 |
| **Federal Rules of Civil Procedure Rule 72** | 6, 7, 8, 9, 12, 13 |
| **Fifth Circuit Local Rule 25.2.10** | 19 |
| **Fifth Circuit Local Rule 27.2** | 2, 4 |
| **Fifth Circuit Local Rule 27.4** | 4 |
| **Fifth Circuit Local Rule 28** | 1, 2 |
| **Fifth Circuit Local Rule 32** | 1, 19 |

## I. Preliminary Statement and Reservation of Right to Supplement

This Reply Brief is in support of Brief 5CC100 and in opposition to the Response Brief 5CC111.

Brief 5CC100 was submitted in compliance with panel Order 5CC85-1 which added 8 parties to the caption but did not correct the ROA issues. 5CC85-1 allowed only 14 days to update the previous rushed brief 5CC71 (only six days to prepare the brief) and did not provide required length relief with:

> GRANTED as to nits but DENIED as to new arguments

The preliminary statement for the rushed placeholder Brief 5CC100 complained:

> there are three pending corrections to the ROA, see pending 5CC45-1, 5CC32. Of particular importance is that the TXND clerk has provided us with two different ROAs with different pagination starting with ECF20 which is sealed in the original ROA and unsealed and included in the second (and possibly unauthorized) ROA. When there are no adequate references to the ROA, the TXND ECF documents will be referenced.
>
> To preserve my constitutional right to due process and a fair hearing, I explicitly reserve the right to amend, rewrite, and supplement this brief to provide corrected page numbers, expand upon outstanding immigration and sanctions issues preserved in my Notice of Appeal, and fully align the text once this Court enters final orders resolving the underlying ROA and caption defects.

We reiterate the complaints listed above from Brief 5CC100. In addition, in the Emergency Petition 5CC112-1 for en banc review of Order 5CC99-1 we are seeking immediate correction of the ROA and then running a new briefing schedule with length relief while the appeal resides in the administrative queue for merits panel screening.

This preliminary Reply Brief is submitted as an exhibit to a motion seeking an extension in time for this Reply Brief until after Petition 5CC112-1 is decided to insure that it is only submitted when it won't cause premature entry in the administrative appeal queue and it will not moot Petition 5CC112-1.

## II. Summary of Reply Arguments

USATXN's Response Brief 5CC111 relies almost entirely on procedural default theories and expansive assertions of administrative discretion to obscure the substantive statutory and constitutional violations committed below.

1. **Timeliness of Objections and Judicial Review on the Merits:** USATXN's threshold argument that Appellants forfeited appellate review of Magistrate Judge FCR ECF61 is legally unfounded.

   The district court reviewed, considered and ruled upon the merits of our objections in Rule 60 Motions ECF67, ECF73, ECF76, ECF79, and ECF83, fully preserving all issues for de novo appellate review (*Boren v. N.L. Indus., Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989)). Moreover, burying the mandated objection notice in single-spaced fine print beneath signature lines fails constitutional notice requirements under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

1. **Improper Restating of FRCP 60(b) Motions under FRCP 59(e):** USATXN improperly attempt to recharacterize Appellants' timely FRCP 60(b)(1) motions for relief from judgment as untimely FRCP 59(e) motions to alter or amend judgment. Our filings explicitly set forth classic Rule 60 grounds—including judicial mistake, administrative oversight, and

excusable neglect surrounding unaddressed pro se requests—which were timely brought within Rule 60(c)'s one-year window.

2. **Rebuttal of USPS Sovereign Immunity Claims:** Sovereign immunity does not shield USPS from contractual and statutory obligations to issue promised refunds for failed Priority Mail Express guaranteed delivery service. Under the expansive "sue and be sued" clause of 39 USCS 401(1) and Dolan v. Postal Service, 546 U.S. 481 (2006), USPS is fully subject to commercial legal process for unfulfilled refunds and improper "Stop-the-Clock" tracking scans executed to conceal service standard failures ECF84-1para31-61).

3. **Rebuttal of USCIS and DoS Administrative Discretion Defenses:** USCIS possesses no statutory discretion to withhold mandatory green card documentation under INA 216 / 8 USCS 1186b(d) or refuse replacement alien registration certificates under INA 264(d) / 8 USCS 1304(d), which directly resulted in leaving Mrs. Carr stranded abroad in Thailand. Likewise, the Doctrine of Consular Non-Reviewability does not bar judicial review where consular officers issue arbitrary form denials under 8 USCS 1184(b) that violate a citizen spouse's fundamental due process rights to procedural fairness (*Department of State v. Munoz* 602 U.S. 899 (2024)).

# III. Argument and Authorities

## 1. TXND and USATXN Misconstrue Harcon Bright-Line

**Bright-Line Preserves Litigants' Substantive Rights, Does Not Infringe**
**Misleading Claims and Decisions Justify Incorrect Conclusion**

### A. USATXN Ignores Plain Text, Falsely Re-categorizes Motions

Response Brief 5CC111 states:

> This Court construes a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment. Mason v. Fremont Inv. & Loan, 671 F. App'x 880, 884 (5th Cir. 2016);

Mason is particularly deceptive as it appears to be a relevant USCA5 citation but actually it has been declared as not precedent making it no more relevant than Shakespeare's Hamlet.

Further, Mason dealt with a series of actual motions for reconsideration. However we filed exclusively Rule 60 Motions for Relief under FRCP 60(b)(1) and other grounds.

### B. USATXN Uses False Re-categorization To Apply Wrong Standards

USATXN went on with:

> A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued. Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003)

This is all irrelevant as a Rule 60(b)(1) motion is not a Rule 59(e) motion.

The required grounds for a Rule 59(e) motion are incredibly broad (not specified) and so the courts have made numerous efforts to create some standard for what are acceptable grounds under Rule 59(e). FRCP 59(e) is most similar to FRCP 60(b)(6) "any other reason that justifies relief" which has had various similar standards added by the courts.

However, this is irrelevant as the several grounds for the Rule 60 Motions for Relief were clearly specified and well supported with examples of 'excusable neglect' and other grounds.

### C. USATXN Cites Courts Incorrect Miscategorization of Motion Types

USATXN goes on with:

> Here, as the magistrate judge explained, Appellants' Rule 59(e) motion failed to point... to any intervening change in the controlling law, failed to present any newly discovered evidence that was previously unavailable, and failed to show that there was any manifest error of law. [ECF91]. Equally important, they failed to point to any arguments they could not have made before judgment was entered in this case. For that reason, denying the motion for reconsideration was not an abuse of discretion, and should be upheld.

However, FCR [ECF91] is based on the same chain of misleading and finally false conclusions. A Rule 59(e) Motion is not a Rule 60 Motion and applying the wrong standards when there are specific Rule 60(b)(1) grounds clearly stated is misleading (wrong standards) and false (wrong motion type).

### D. FRCP 60(b) Grounds Justified Independent of FRCP 72 Objections

USATXN's reliance on their district court filing (ECF74) - claiming that a failure to submit formal 14-day objections under FRCP 72 operates as a total bar to relief - completely misconstrues the independent remedial function of FRCP 60(b). As demonstrated in our Reply (ECF75), FRCP 60(b) provides an autonomous statutory vehicle to correct judicial mistake, administrative oversight, and structural unfairness, irrespective of whether technical Rule 72 objections were filed.

Indeed in Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) the bar to later appeals from lack of FRCP 72 Objections only applies to:

> appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions

However, as long as there are suitable grounds for a FRCP 60 motion (such as inadvertence) then a timely Rule 60 motion can raise the issues for trial court consideration and later appellate review.

In ECF75, we set forth multi-layered justifications under FRCP 60(b)(1), (3), and (6) that independently mandate setting aside the premature dismissal order (ECF63):

1. **Mistake, Inadvertence, and Excusable Neglect (FRCP 60(b)(1)):** we established that any delay in filing formal objections stemmed directly from the magistrate judge hiding mandatory procedural warnings within single-spaced block text beneath signature lines in FCR ECF61. Furthermore, excusable neglect was fully demonstrated by the severe communication and language barriers faced by my wife and her sister, as well as clerical

confusion regarding electronic signature verification under FRCP 11(a) (ECF75pp4-12).

2. **Counsel Misrepresentation and Procedural Misconduct (FRCP 60(b)(3)):** we detailed improper government motion practice, including government counsel asserting false claims of inadvertence when failing to respond to LR 7.1 conference communications, and then adding misleading statements which indicated that I was acting in violation of LR 7.1 rather than her (ECF75pp14-18).

3. **Extraordinary Circumstances Justifying Relief (FRCP 60(b)(6)):** We presented compelling, extraordinary grounds, including the severe plight of Mrs. Carr being left stranded abroad in Thailand as an apparent "undocumented alien" due to USCIS's failure to issue mandatory 10-year green card documentation, alongside the court's improper removal of co-plaintiffs who had submitted physical signature ratifications (ECF75pp21-26).

Because we invoked specific, verified grounds under FRCP 60(b) within weeks of judgment - well within Rule 60(c)'s one-year mandate - the district court was fully empowered to grant post-judgment relief. The court's refusal to grant relief by mischaracterizing Rule 60(b) motions as untimely Rule 59(e) requests or treating FRCP 72 as an absolute bar constitutes reversible error.

## E. TXND Attempts To Create Ambiguity, Record Is Unambiguous

### TXND Fails to Recognize Obvious Rule 60 Motions

FCR ECF91 states:

> The Federal Rules of Civil Procedure do not specifically recognize motions for reconsideration...

which is irrelevant and misleading as the motions under consideration were clearly Rule 60 motions with FRCP 60(b)(1) grounds.

FCR ECF91 continues:

> Such motions are usually analyzed under Rule 59(e) or Rule 60(b), depending on the timing of filing. See Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012)... ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)" and "[i]f the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.")

which is the same incorrect restatement of the record as there were no 'motions for reconsideration' only clearly labeled Rule 60 Motions for Relief with thorough discussions of the FRCP 60(b) grounds. The false restatement of the record was used to create a justification for applying the wrong standards and reaching the wrong conclusion.

### F. The Specific Grounds of Rule 60(b) Consistent Whenever Filed

### Litigants Rights Remain When Filing a Rule 60 Motion Within 28 Days

There are no grounds specifically required for a Rule 59(e) Motion making it theoretically unbounded. While Rule 60 has several specific grounds it has a similar unbounded ground FRCP 60(b)(6) of:

> any other reason justifying relief

Of course the courts have endeavored to create the necessary limits for these otherwise unbounded grounds though with numerous conflicting decisions and criteria. As a result, many litigants prefer Rule 60 motions where the grounds can be clearly demonstrated. The criteria for 'excusable neglect' are well established in contrast to 'extraordinary circumstances' required for FRCP 60(b)(6) grounds.

However, once a litigant chooses to file a Rule 60 Motion with appropriate grounds specified, Demahy does not apply as it provides only a sorting rule for ambiguous motions for reconsideration.

### G. Demahy Provides A Sorting Rule, Does Not Strip Litigants of Rights

Demahy, does not permit a court to strip an express Rule 60(b)(1) motion of its "excusable neglect" standard merely because it was filed within 28 days.

Demahy's footnote states a default sorting rule for generic motions "asking the court to reconsider a prior ruling" so appellate courts can determine appellate-tolling and review standards. It does not provide a substantive rule abolishing Rule 60(b)(1) during the first 28 days after judgment. Indeed, FRAP 4(a)(4)(A)(vi) expressly recognizes Rule 60 motions filed:

> within the time allowed for filing a motion under Rule 59.

### H. TXND and USATXN Misconstrue Harcon Bright-Line

#### Bright-Line Preserves Litigants' Substantive Rights, Does Not Infringe

In 1986 USCA5 resolved confusion over the rights to appeal and file a NOA based

on whether the litigant filed a Rule 59(e) or Rule 60 motion. It defined a bright-line ***overriding*** a parties explicit selection of Rule 59(e) or Rule 60 motions in order to simplify a discrepancy of NOA requirements with Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669 (5th Cir. 1986) which states:

> Construing a motion as a Rule 60(b) motion in order to preserve an appeal would leave the timing of a notice of appeal uncertain and introduce several troubling problems to our intricate maze of rules for vesting appellate jurisdiction:…
>
> The bright-line rule established here prevents such needless waste, avoids the potential loss of litigants' substantive rights, and preserves the virtue of clarity sought by FRAP 4(a)(4)

However FRAP 4(a)(4) was corrected in 1993 so that Rule 59(e) or Rule 60 motions were virtually identical. The bright-line overriding the party's selection was no longer applicable. Demahy continued the bright-line only in cases where the party submitted an ambiguous motion for reconsideration.

## I. TXND, USATXN Misstatements Can Not Strip Our Substantive Rights

The misstatements of TXND and USATXN that our well grounded Rule 60 Motions for Relief were actually ungrounded Rule 59(e) Motions can not strip us of due process and our right to a fair hearing. Their misstatements must be corrected and their incorrect conclusions must not stand.

Harcon provided a bright-line to preserve litigants rights to due process and its legacy Demahy can not be used to strip litigants of their rights.

## 2. FRCP 60(b) Grounds Thoroughly Justified

## TXND Claim of Failure to Timely Object is Unfounded
## Douglass Requires Notice But Notice Was Inadequate
## Notice Intentionally Hidden From Litigants Are Inadequate

### A. USCA5 Only Requires Timely Objections With Notice

As explained in Motion ECF76pg6, USCA5 elaborated on the penalties for failure to timely submit objections within 14 days in Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) but limits the penalties with:

> provided the party was served by the magistrate judge with notice of the consequences for the failure to object

and goes on to quote Thomas v. Arn, 474 U.S. 140 (1985) with:

> a failure to object to a magistrate judge's report and recommendation may be excused in the "interests of justice"

### B. Motion ECF76pg7 Demonstrates The Efforts of TXND to Hide Notice

Motion ECF76pg7 has the actual Notice taken directly FCR ECF61 where TXND used all the standard tricks to hide the Notice to include:

1. Placing the notice inconspicuously under the signature block

2. Placing the notice under a header which emphasizes unrelated matters such as service

3. Placing the notice in a large single spaced block of text which makes the center very hard to read

4. Putting the notice itself in the middle of the large block of text, in between two unimportant topics (service and need for specificity)

Each of these tricks are proven techniques to prevent most people from actually reading the formidable block of text which appears to be irrelevant legal boilerplate.

However, such tricks to hide a required notice are prohibited as explained in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) which states:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections... The notice must be of such nature as reasonably to convey the required information,... and it must afford a reasonable time for those interested to make their appearance...

### C. TXND Succeeded In Hiding Notice From Plaintiffs

Motion ECF67pg6-8 makes it clear that we had never read the notice required in Douglass as we question why we were not given 30 days to contest and explain the difficulties of responding with physical signatures after the court made surprise (and unwarranted) demands for physical signatures especially when one of the parties was overseas and there is large expense and delay with international mailings.

It is also clear that our failure to read the notice was at least in part caused by the significant effort TXND had made to hide the notice, certainly qualifying as "excusable neglect" as an acceptable ground in FRCP 60(b)(1).

### 3. Motion ECF76 Suggests USCA5 Insure Notice, Avoid Confusion

Motion ECF76pg6-11 goes beyond calling attention to all the efforts TXND court

made to hide the required notice and makes suggestions for local rule additions which would prevent such confusion. These same recommendations make sense for all USCA5 courts and should be adopted by USCA5.

### USCA5 Should Revise FRCP 72 Notice Requirements

As there was plain error when TXND successfully hid the required FRCP 72 14 Day Notice for objections, USCA5 must review these critical notice requirements. It is possible that there have been hundreds of pro se appellants who have been caught in the 14 day objections requirement without proper notice. While it is not tenable to correct such past injustices, USCA5 can be a leader in insuring that all USCA5 courts have local rules which ensure that all litigants are properly given notice of the 14 day Objection requirements and such injustices from hidden notices do not continue.

## 4. Issues Raised on Appeal Are Issues Raised Before Court

### TXND Analysis of Rule 60 Motions Indicates Consideration,

Both Thomas v. Arn and Douglass rely on the principle that appellate courts should not consider issues which were not presented (and preserved) before the trial court. Thomas v. Arn states:

> The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy...

The same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here, United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

However, this is not a hard and fast rule based on lack of jurisdiction but rather a principle of increased judicial efficiency as trial courts are better equipped to hear evidence and sort through complex circumstances. Appellate courts are better equipped to resolve legal questions where the trial court has sorted through the facts and circumstances.

FCR ECF91 makes it clear the court did indeed at least superficially consider the contents of the several timely FRCP 60 motions, e.g. ECF67, ECF76, ECF79, and ECF83.

As such all the issues raised in those various motions were raised before TXND and can be reviewed by USCA5.

## 5. Rebuttal of USPS Sovereign Immunity Defenses Under 39 USCS 401 and Dolan

USATXN incorrectly argues in their Response 5CC111 that sovereign immunity protects USPS from Appellants' claims regarding unfulfilled guaranteed delivery refunds and falsified tracking records in Count 1. This defense ignores the broad, explicit waiver of sovereign immunity enacted by Congress under 39 USCS 401(1) and misapplies established Supreme Court precedent.

### A. Broad Waiver of Sovereign Immunity Under Sue & Be Sued Clause

When Congress created USPS under the Postal Reorganization Act, it included an expansive waiver of sovereign immunity, providing that USPS has the power "to sue and be sued in its official name" (39 USCS 401(1)). Under controlling Supreme Court authority, the "sue and be sued" clause must be liberally construed, establishing the baseline presumption that USPS is launched into the commercial

world fully liable for ordinary legal process and contractual obligations (*Dolak v. USPS*, 546 U.S. 481, 484 (2006)).

USATXN attempts to bring our refund claims under the tort exceptions of the FTCA (28 USCS 2680(b)). However, Appellants' primary claim does not allege the negligent loss or damage of mail content during transit. Instead, it seeks the enforcement of a statutory and contractual obligation to issue a promised postage refund for Priority Mail Express guaranteed delivery service standards that were failed and then covered up through falsified tracking entries (ECF84-1para31-61,pp10-18).

### B. Falsification of Tracking Records & Unfulfilled Refund Accounting

As detailed in ECF84-1, a USPS employee executed an improper "Stop-the-Clock" scan on Tracking Number 9470103699300057573507, falsely recording the item as "Delivered, In/At Mailbox" at 11:35 AM to conceal service standard failures and avoid processing guaranteed delivery refunds (ECF84-1para33-36; ECF18-4, p. 1).

Following administrative dispute proceedings, USPS updated refund request ID 6006595 to "Dispute Paid" on 06 May 2021 (ECF18-8, p. 1) and generated internal tracking code "REFUND PAID VL" on 05 May 2021 (ECF70-13). Despite these official administrative entries confirming that a refund was due and approved, USPS never executed the actual bank transfer, leaving the refund unfulfilled under "No Record of Bank Transfer" (ECF70-8pp1-2; ECF70-9pp1-3).

Sovereign immunity does not shield USPS from judicial process seeking specific performance or equitable relief to compel the fulfillment of approved commercial

refunds and the correction of falsified public tracking records. The district court erred in dismissing Count 1 against USPS.

### 6. Rebuttal of USCIS LPR Documentation Defenses and DoS Consular Non-Reviewability

USATXN incorrectly contends in their Response Brief 5CC111 that USCIS and DoS actions are shielded from judicial review under doctrines of unreviewable administrative discretion and consular non-reviewability. These defenses fail because both agencies violated non-discretionary, mandatory statutory duties and fundamental constitutional due process guarantees (ECF84-1para62-172,pp18-41).

#### A. Non-Discretionary Statutory Obligations of USCIS to Issue LPR Documentation

USATXN attempts to characterize USCIS's failure to provide valid documentation of Mrs. Carr's Lawful Permanent Resident (LPR) status as an exercise of administrative discretion. This argument directly conflicts with governing statutory mandates:

1. **Mandatory 10-Year Green Card Issuance (INA 216 / 8 USCS 1186a):** Under INA 216(c)(3)(A) [8 USCS 1186a(c)(3)(A)] and 8 CFR 216.4(c), upon approving Form I-751 (Petition to Remove Conditions on Residence) on 31 Jan 2023 (ECF10-5, p. 1), USCIS had a non-discretionary statutory duty to issue a ten-year Permanent Resident Card (Form I-551) within 90 days. USCIS failed to produce or send the approved 10-year card, leaving Mrs. Carr without physical documentation of her approved permanent status.

2. **Mandatory Certificate of Registration (INA 264(d) / 8 USCS 1304(d)):**

Under INA 264(d) / 8 USCS 1304(d), every registered alien within the United States "shall be issued a certificate of alien registration or an alien registration receipt card." When USCIS delayed processing, it issued temporary Form I-797C receipt notices extending card validity. However, when the 24-month extension letter expired on 13 Nov 2022 (ECF20-1), USCIS failed and refused to provide a valid replacement extension letter or Form I-551 passport stamp prior to her travel (ECF84-1para138-145).

3. **Unlawful Stranding and Denial of Naturalization:** Because USCIS failed to fulfill its mandatory duty under INA 264(d), international carriers prevented Mrs. Carr from boarding return flights to the United States, stranding her abroad in Thailand for over a year (ECF84-1para141-148). While stranded due to USCIS's own failure to issue valid travel documentation, USCIS scheduled a naturalization re-interview, refused documented rescheduling requests, and improperly deemed her "failed to appear" (ECF10-8; ECF10-10pp1-2).

Because INA 216 and INA 264(d) impose non-discretionary statutory duties, USCIS's failures are fully reviewable under APA 5 USCS 702 and 28 USCS 1361.

### D. DoS Consular Denials Violated Mandatory Procedural Due Process

USATXN re-urges the Doctrine of Consular Non-Reviewability (DoCNR) to bar review of DoS visa denials for Mrs. Carr and Mrs. Von Kramer under Counts 3 and 4. However, DoCNR does not grant consular officers carte blanche to ignore constitutional and statutory processing mandates:

1. **Exception for Citizen Spouse Rights *Munoz* and *Mandel*:** In ***Munoz*** and

Kleindienst v. Mandel, 408 U.S. 753 (1972) judicial review is recognized where a visa denial infringes upon the constitutional due process rights of a citizen spouse desiring to travel and live with their foreign national spouse.

2. **Failure to Provide Bona Fide Facially Legitimate Reason:** DoS issued generic, pre-printed form denials under 8 USCS 1184(b) containing no factual findings, evidentiary citations, or specific rationales. Consular officers offered arbitrary verbal assertions—such as demanding refutation of immigration visa applications for short-term visitor visas or alleging insufficient financial ties despite documented land ownership—that were directly contradicted by the administrative record (ECF84-1para65-96).

Because non-discretionary statutory standards and constitutional due process apply to visa processing, the district court erred in holding these claims barred.

### 7. Rebuttal of 2nd Amended Complaint Denial and Abuse of Discretion

USATXN incorrectly contends in their Response Brief 5CC111pp20-25 that the district court did not abuse its discretion when it denied our Rule 60 Motion for Leave to Submit a Second Amended Complaint ECF76. USATXN ignores the extreme administrative delays caused by the court below and misapplies the liberal amendment standard established under FRCP 15(a)(2).

#### A. Controlling Statutory Mandate Under FRCP 15(a)(2)

Under FRCP 15(a)(2), after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule explicitly commands: **"The court should freely give leave when justice so requires."**

The Supreme Court has firmly established that this mandate must be heeded in *Foman v. Davis*, 371 U.S. 178, 182 (1962) with:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

Under *Foman*, leave to amend should be freely granted absent compelling factors such as undue delay, bad faith, repeated failure to cure deficiencies, or futility. None of those negative factors existed here.

### B. Severe Judicial Delays Altered Material Circumstances

### New Claims Naturally Arose Over Time

Our motion for leave ECF76 was necessitated directly by the district court's extraordinary delay in resolving pending dispositive motions. The court allowed Defendants' Motion to Dismiss (ECF31) to sit unresolved for nearly a year, despite the matter being fully briefed and ripe for decision within months.

During this prolonged administrative limbo, material facts and legal relationships shifted dramatically:

1. **Mootness of Primary Citizenship Relief:** Mrs. Carr's initial request for naturalization processing became moot when she was finally sworn in as a U.S. citizen on 28 Feb 2025 (ECF75p22).

2. **Shift from Speculative to Primary Relief for Immediate Family:** Upon becoming a U.S. citizen, Mrs. Carr gained immediate statutory rights to petition for lawful permanent resident status and visa processing for her adult sons. Claims that USATXN previously characterized as "speculative"

under conditional resident status transformed into concrete, primary statutory entitlements requiring immediate judicial protection ECF76pp5-12.

3. **Consolidation of Multi-Agency Claims:** The proposed Second Amended Complaint (ECF76-1 / ECF84-1) consolidated fragmented record entries, fixed clerical errors, and explicitly added unaddressed Freedom of Information Act (5 USCS 552 FOIA) claims across multiple agencies, and joined the IRS and TIGTA as necessary defendants following improper tax penalty collections ECF76pp17-19.

### C. Refusal to Grant Leave Defeats the Interests of Justice

Denying leave to amend under these circumstances directly contradicts FRCP 15(a)(2). We did not engage in undue delay; rather, we responded dynamically to new legal realities created by agency actions and judicial lag. Because the original dismissal was without prejudice, denying leave to file ECF84-1 effectively converted a non-prejudicial dismissal into a final bar, depriving us of due process and a fair hearing on ripe, non-frivolous claims. The district court's summary denial (ECF95) constituted a clear abuse of discretion.

## 8. USATXN "Futility", "Best Case" Defenses in 5CC111 Invite Rebuttal

### Preserved FOIA, IRS Claims Valid, Refuting Summary Dismissal

In 5CC111pp15,25-26, USATXN defends TXND's summary denial of leave to file our Second Amended Complaint ECF84-1 in Order ECF95 and FCR ECF91 with:

> [g]ranting leave to amend is not required... if [we] already pleaded [our] best case

under *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009), and that any further amendment:

> would have been futile because [we] remained unable to identify a waiver of sovereign immunity

citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Yet 5CC111 omits any mention of the FOIA and IRS claims pleaded in ECF84-1 and preserved in Appeal Brief 5CC100pp18,23-26,41-42,49-50 (Issues 7 and 12).

Under FRAP 28(c) and settled USCA5 precedent, a reply brief may properly develop and address points that directly rebut arguments raised in the appellee's response. See *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 373 n.22 (5th Cir. 2001). Because USATXN affirmatively relies on *Brewster* and *Bazrowx* to contend that ECF84-1 was futile and lacked any waiver of sovereign immunity, we properly highlight the FOIA and IRS claims in reply to refute both premises:

1. **The Claims Could Not Have Been "Already Pleaded" in Prior Complaints.** Contrary to USATXN's assertion that we had a prior opportunity to cure all pleading defects (5CC111p26), the IRS's unlawful CP504 seizure notice while an administrative appeal was active occurred on 11 Nov 2024 (ECF84-1pp6,60) - nearly seven months ***after*** we filed our First Amended Complaint (ECF29) on 23 Apr 2024.

   Similarly, key agency FOIA denials and unlawful withholdings - including USPS's 1 May 2025 redaction and 12 Jun 2025 appeal denial (ECF84-1p15) and DoS's February 2025 indefinite hold (ECF84-1p28) - arose after ECF29

was filed. We could not have pleaded post-April 2024 statutory violations in an April 2024 pleading.

2. **Congress Expressly Waived Sovereign Immunity for Both Claims.** USATXN's blanket assertion that ECF84-1 identifies "no waiver of sovereign immunity" (5CC111p15) is refuted on the face of the proposed pleading:

   - **FOIA (5 USCS 552(a)(4)(B)):** Congress expressly granted district courts jurisdiction to enjoin federal agencies from withholding agency records and to order production of records improperly withheld, waiving sovereign immunity as a matter of law (ECF84-1pp7,15,27-28,49-50).

   - **IRS Improper Collection Practices (26 USCS 6330(e), 26 USCS 6331, 26 USCS 7433 & 5 USCS 702):** Congress expressly mandated suspension of levy actions during active appeals (26 USCS 6330(e)) and a mandatory 30-day notice before levy (26 USCS 6331), while waiving sovereign immunity for unlawful collection actions and non-monetary APA relief (ECF84-1pp6-7,57-67).

3. **Unissued Summonses Do Not Defeat Appellate Review of Denied Joinder (5CC111p3 n.2).** USATXN notes in Footnote 2 that the IRS and TIGTA are not parties because TXND denied leave to file ECF84-1 and no summonses were issued. That circular observation merely describes the consequence of TXND's error: summonses could not issue ***because*** TXND improperly denied leave to amend, and reviewing whether TXND abused its discretion in barring those claims is precisely what is before this Court on

appeal.

Under *Foman v. Davis*, 371 U.S. 178, 182 (1962), and *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981), TXND's discretion to deny leave to amend is "severely limited" and requires a "substantial reason." Where FCR ECF91 failed to mention the FOIA or IRS claims at all, and 5CC111 declines to defend their dismissal on the merits while claiming generic "futility," the record establishes that denying leave to file ECF84-1 was an abuse of discretion.

## IV. Conclusion and Prayer for Relief

For the reasons set forth above and in Appellants' principal brief, the district court's orders dismissing Appellants' claims and denying post-judgment relief should be reversed.

Appellants respectfully request that this Court grant the following relief:

1. **Reversal of Dismissal Orders:** Vacate and reverse the district court's orders dismissing Counts 1, 3, 4, and 7 of the proposed Second Amended Complaint ECF84-1;

2. **Order Immediate Relief of Well Founded Claims:** For that relief sought in partial MSJs ECF18 and ECF33 as adjusted for the changes in circumstances in Amended Complaint ECF84-1 which are well founded. For consideration:

    a) Adjustment of my wife's sons' and her sister's queue positions for immigration visas for immediate processing (at the start of their

respective queues)

b) Declaration for SSA that my wife's sister was improperly denied a non-immigration visa for three years,

c) Immediate answering of all submitted FOIA requests

3. **Reinstatement of Claims and Remand:** Remand this action to the United States District Court for the Northern District of Texas with instructions to reinstate or add all co-appellants, accept Amended Complaint ECF84-1 and conduct full discovery and adjudication on the merits of remaining issues;

4. **Ordering of Record Corrections:** Direct the correction and unsealing of improperly restricted public records and sealing / striking all records with unredacted PII in all USCA5 courts to include USCA5 ECF ('withdrawn documents' must default to public access with separate supporting court orders to seal / strike the document if appropriate);

5. **Order that all USCA5 courts implement written processes for court record updates:** These published written processes must include:

a) Standard Procedural Motions to Seal / Strike documents,

b) Standard Procedural Notices of clerk errors / mistakes with appropriate other forms to process these notices,

c) Standing Court Orders to support Standard Procedural Forms,

d) Creation of a Process Improvement Committee in each court that will consider and address failures / errors and add additional Standard

Procedural Forms and updates to existing forms as necessary to achieve continuous improvement, decreased errors, and improved judicial efficiency.

6. Order that USCA5 ROA pagination can be only altered via USCA5 judicial order and that consideration must be included of additional time for all affected parties. Significant changes to pagination must default to a full reset of the time for all affected parties.

7. **Ancillary and Equitable Relief:** Grant such other and further legal or equitable relief to which Appellants show themselves justly entitled.

## Verification of Reply Brief

I, the undersigned appellant, hereby affirm under penalty of perjury in both the United States and Thailand that:

1. I have reviewed the above motion and certifications below and believe all of the statements to be true to the best of my knowledge.

2. I have reviewed the associated documents and exhibits and believe them to be true and accurate copies with the exception of the documents identified as being redacted. The redacted documents have only been altered to remove sensitive personal information according to normal redaction procedures.

I hereby reaffirm that the above is true to the best of my knowledge under penalty of perjury in both the United States and Thailand.

/s *Brian P. Carr*

Brian P. Carr
1201 Brady Dr
Irving, TX 75061
Date: 17 Nov 2026
Location: Irving, TX

**Other Signatories**

/s *Air Carr*

Rueangrong Carr
1201 Brady Dr
Irving, TX 75061

Date: 19 Aug 2025
Location: Irving, TX

/s *Buakhao Von Kramer*

Buakhao Von Kramer
105 - 3 M 5 T YANGNERNG
SARAPEE, CHIANG MAI 50140
THAILAND
Date: 20 Aug 2025
Location: Bangkok, Thailand

/s *Rujipas Lawichai*

Rujipas Lawichai
Ban Tha Sala 1 Moo 7
Si Mueang Chum, Maesai,
Chiang Rai 57130 Thailand
Date: 20 Apr 2026
Location: Phuket, Thailand

/s *Tanapon Lawichai*

Tanapon Lawichai
Ban Tha Sala 1 Moo 7
Si Mueang Chum, Maesai,
Chiang Rai 57130 Thailand
Date: 21 Apr 2026
Location: Lopburi, Thailand

## Certificate of Counsel / Pro Se Party

The undersigned hereby certifies under penalty of perjury:

### 1. FRAP 32(g)(1) Length Certificate of Compliance

This appeal brief complies with the type-volume limitation of FRAP 32(a)(7)(B)(i) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 5,566 words (which is less than the nominal 6,500 words for an appellant reply brief), as determined by LibreOffice Writer word processing

software[1].

## 2. FRAP 32(a)(5) Typeface Compliance

This document complies with the typeface requirement of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using LibreOffice Writer using Times New Roman (14-point).

## 3. Certification Of Electronic Signatures

In accordance with 5CCLR 25.2.10 which states:

> 25.2.10 Signatures… Documents which require more than one party's signature must be filed electronically by... showing the consent of the other parties on the document; or any other manner approved by the court.

I hereby certify that I did indeed receive the consent of the other parties to include their signatures on this document.

## 4. FRAP 25(b) Service

On the recorded date of this document, I electronically submitted the foregoing document with the clerk of 5th Circuit United States Court Of Appeals using the electronic case filing system (ECF) of the court. I also hereby certify that on this same date no copies were served via U.S. mail as all parties in this matter are enrolled in the court's electronic case filing (and service) system.

/s *Brian P. Carr*

______________________________

Brian P. Carr
1201 Brady Dr
Irving, TX 75061

Date: 17 Nov 2026
Location: Irving, TX

1 LibreOffice Writer counted words in the selected section which was everything after the 'Statement Regarding Oral Argument' to the signature block. The certified word count was accurate on 17 Nov 2026 at 8PM.

26 USCS 6330........................................................7, 30
26 USCS 6331........................................................7, 30
26 USCS 7433........................................................30
28 USCS 1361........................................................7, 25
28 USCS 2680........................................................23
39 USCS 401........................................................7, 11, 22
39 USCS 401(1)........................................................7, 11, 22
5 USCS 552........................................................7, 28, 30
5 USCS 702........................................................7, 25, 30
5CC100........................................................9, 29
5CC111........................................................9 f., 12, 22, 24, 26, 28 ff.
5CC112-1........................................................9 f.
5CC32........................................................9
5CC35-1........................................................5
5CC35-5........................................................5
5CC45-1........................................................9
5CC71........................................................9
5CC85-1........................................................9
5CC99-1........................................................9
5CCLR 25.2.10........................................................35
5CCLR: Rules and Internal Operating Procedures of the Fifth Circuit........................................................3
8 USCS 1184........................................................11, 26
8 USCS 1186a........................................................7, 24
8 USCS 1186b(d)........................................................11
8 USCS 1304(d)........................................................11, 24 f.
Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)........................................................29
Boren v. N.L. Indus., Inc., 889 F.2d 1463, 1465 (5th Cir. 1989)........................................................10
Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009)........................................................29
CFRS: Code of Federal Regulations Section........................................................3
Cousin v. Trans Union Corp., 246 F.3d 359, 373 n.22 (5th Cir. 2001)........................................................29
Demahy........................................................17 f.
Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012)........................................................16
Department of State v. Munoz 602 U.S. 899 (2024)........................................................11
Dolak v. USPS, 546 U.S. 481, 484 (2006)........................................................23
Dolan........................................................22
Dolan v. Postal Service, 546 U.S. 481 (2006)........................................................11
Douglass........................................................19 ff.
Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)........................................................14, 19
Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)........................................................31
ECF10-10........................................................25

ECF10-5 .... 5
ECF10-8 .... 25
ECF18-8 .... 23
ECF20 .... 9
ECF20-1 .... 25
ECF29 .... 29
ECF31 .... 27
ECF61 .... 10, 14, 19
ECF63 .... 14
ECF67 .... 10, 20, 22
ECF70-13 .... 23
ECF70-8 .... 23
ECF70-9 .... 23
ECF73 .... 10
ECF74 .... 14
ECF75 .... 14 f., 27
ECF76 .... 10, 19 f., 22, 26 ff.
ECF76-1 .... 28
ECF79 .... 10, 22
ECF83 .... 10, 22
ECF84-1 .... 11, 23 ff., 28 ff.
ECF91 .... 13, 15 f., 22, 28, 31
ECF95 .... 28
Foman v. Davis, 371 U.S. 178, 182 (1962) .... 27, 31
FRAP 25(b) .... 35
FRAP 28 .... 29
FRAP 32(a)(5) .... 35
FRAP 32(a)(6) .... 35
FRAP 32(a)(7)(B)(i) .... 34
FRAP 32(f) .... 34
FRAP 32(g)(1) .... 34
FRAP 4(a) .... 17 f.
FRAP: Federal Rules of Appellate Procedure .... 3
FRCP 11(a) .... 8, 15
FRCP 15 .... 8, 26, 28
FRCP 59(e) .... 8, 10, 13
FRCP 60 .... 10, 12 ff., 19 f., 22
FRCP 60(b) .... 10, 12 ff., 19 f.
FRCP 72 .... 8, 14 f., 21
FRCP: Federal Rules of Civil Procedure .... 4

Harcon....12, 17 f.
Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669 (5th Cir. 1986)....18
INA 216....11, 24 f.
INA 264(d)....11, 24 f.
Kleindienst v. Mandel, 408 U.S. 753 (1972)....26
LR 7.1....15
LR: TXND Local Rule....4
Mason v. Fremont Inv. & Loan, 671 F. App'x 880, 884 (5th Cir. 2016)....12
Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)....10, 20
Munoz....25
ROA10-5pg177....5
Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003)....12
Thomas v. Arn....21
Thomas v. Arn, 474 U.S. 140 (1985)....19
United States v. Ramirez, 557 F.3d 200, 203 (5th Cir. 2009)....29
United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984)....21
USC: United States Code....4
USCS: United States Code Section (e.g., 18 USCS 1001)....4